# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUN PAUL MOORE, | No. 2:23-CV-0169-DMC |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff, who is proceeding with retained counsel, brings this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Pursuant to the written consent of all parties, ECF Nos. 7 and 8, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c); see also ECF No. 9 (minute order reassigning case to Magistrate Judge). Pending before the Court are the parties' briefs on the merits, ECF Nos. 15 and 17.

The Court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole. See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996). It is ". . . such evidence as a reasonable mind might accept as adequate to support

a conclusion." Richardson v. Perales, 402 U.S. 389, 402 (1971).  The record as a whole, including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed.  See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The Court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence.  See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive.  See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987).  Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

For the reasons discussed below, the Commissioner's final decision is affirmed.

## I.  THE DISABILITY EVALUATION PROCESS

To achieve uniformity of decisions, the Commissioner employs a five-step sequential evaluation process to determine whether a claimant is disabled.  See 20 C.F.R. §§ 404.1520 (a)-(f) and 416.920(a)-(f).  The sequential evaluation proceeds as follows:

Step 1	Determination whether the claimant is engaged in substantial gainful activity; if so, the claimant is presumed not disabled and the claim is denied;

Step 2	If the claimant is not engaged in substantial gainful activity, determination whether the claimant has a severe impairment; if not, the claimant is presumed not disabled and the claim is denied;

Step 3	If the claimant has one or more severe impairments, determination whether any such severe impairment meets or medically equals an impairment listed in the regulations; if the claimant has such an impairment, the claimant is presumed disabled and the claim is granted;

///

|   |   |   |
|---|---|---|
| Step 4 | | If the claimant's impairment is not listed in the regulations, determination whether the impairment prevents the claimant from performing past work in light of the claimant's residual functional capacity; if not, the claimant is presumed not disabled and the claim is denied; |
| Step 5 | | If the impairment prevents the claimant from performing past work, determination whether, in light of the claimant's residual functional capacity, the claimant can engage in other types of substantial gainful work that exist in the national economy; if so, the claimant is not disabled and the claim is denied. |

See 20 C.F.R. §§ 404.1520 (a)-(f) and 416.920(a)-(f).

To qualify for benefits, the claimant must establish the inability to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted, or can be expected to last, a continuous period of not less than 12 months. See 42 U.S.C. § 1382c(a)(3)(A). The claimant must provide evidence of a physical or mental impairment of such severity the claimant is unable to engage in previous work and cannot, considering the claimant's age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. See Quang Van Han v. Bower, 882 F.2d 1453, 1456 (9th Cir. 1989). The claimant has the initial burden of proving the existence of a disability. See Terry v. Sullivan, 903 F.2d 1273, 1275 (9th Cir. 1990).

The claimant establishes a prima facie case by showing that a physical or mental impairment prevents the claimant from engaging in previous work. See Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984); 20 C.F.R. §§ 404.1520(f) and 416.920(f). If the claimant establishes a prima facie case, the burden then shifts to the Commissioner to show the claimant can perform other work existing in the national economy. See Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988); Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); Hammock v. Bowen, 867 F.2d 1209, 1212-1213 (9th Cir. 1989).

/ / /

/ / /

/ / /

/ / /

## II.  THE COMMISSIONER'S FINDINGS

Plaintiff applied for social security benefits on July 28, 2021.  See CAR 166.[1]  In the application, Plaintiff claims disability began on September 24, 2019, due to hernias.  See id. at 171. Plaintiff's claim was initially denied.  Following denial of reconsideration, Plaintiff requested an administrative hearing, which was held on August 3, 2022, before Administrative Law Judge (ALJ) Mark Triplett.  In a September 19, 2022, decision, the ALJ concluded Plaintiff is not disabled based on the following relevant findings:

1. The claimant has the following severe impairment(s): hernias, depressive disorder, and anxiety disorder;

2. The claimant does not have an impairment or combination of impairments that meets or medically equals an impairment listed in the regulations;

3. The claimant has the following residual functional capacity: the claimant can perform light work except he is limited to only occasionally climbing ramps and stairs and never climbing ladders, ropes, or scaffolds; he can occasionally stoop, crouch, and crawl; he requires the ability to alternate between sitting and standing at will while remaining on task; he can tolerate occasional exposure to workspace hazards such as unprotected heights and exposed, moving machinery; he can perform simple, routine tasks and can tolerate occasional interactions with coworkers, supervisors, and the general public;

4. Considering the claimant's age, education, work experience, residual functional capacity, and vocational expert testimony, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

See id. at 166-77.

After the Appeals Council declined review on November 30, 2022, this appeal followed.

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] Citations are to the Certified Administrative Record (CAR) lodged on May 3, 2023, ECF No. 10.

## III.  DISCUSSION

In his opening brief, Plaintiff argues that the ALJ failed to properly evaluate his subjective statements and testimony.  See ECF No. 15.

The Commissioner determines the weight to be given to a claimant's own statements and testimony, and the court defers to the Commissioner's discretion if the Commissioner used the proper process and provided proper reasons.  See Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1996).  An explicit finding must be supported by specific, cogent reasons.  See Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990).  General findings are insufficient.  See Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995).  Rather, the Commissioner must identify what testimony is not afforded weight and what evidence undermines the testimony.  See id.  Moreover, unless there is affirmative evidence in the record of malingering, the Commissioner's reasons for rejecting testimony as not credible must be "clear and convincing."  See id.; see also Carmickle v. Commissioner, 533 F.3d 1155, 1160 (9th Cir. 2008) (citing Lingenfelter v Astrue, 504 F.3d 1028, 1936 (9th Cir. 2007), and Gregor v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006)).

If there is objective medical evidence of an underlying impairment, the Commissioner may not discredit a claimant's testimony as to the severity of symptoms merely because they are unsupported by objective medical evidence.  See Bunnell v. Sullivan, 947 F.2d 341, 347-48 (9th Cir. 1991) (en banc).  As the Ninth Circuit explained in Smolen v. Chater:

> The claimant need not produce objective medical evidence of the [symptom] itself, or the severity thereof.  Nor must the claimant produce objective medical evidence of the causal relationship between the medically determinable impairment and the symptom.  By requiring that the medical impairment "could reasonably be expected to produce" pain or another symptom, the Cotton test requires only that the causal relationship be a reasonable inference, not a medically proven phenomenon.
>
> 80 F.3d 1273, 1282 (9th Cir. 1996) (referring to the test established in Cotton v. Bowen, 799 F.2d 1403 (9th Cir. 1986)).

The Commissioner may, however, consider the nature of the symptoms alleged, including aggravating factors, medication, treatment, and functional restrictions.  See Bunnell, 947 F.2d at 345-47.  In weighing a claimant's statements and testimony, the Commissioner may also consider: (1) the claimant's reputation for truthfulness, prior inconsistent statements, or other

inconsistent testimony; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; (3) the claimant's daily activities; (4) work records; and (5) physician and third-party testimony about the nature, severity, and effect of symptoms. See Smolen, 80 F.3d at 1284 (citations omitted). It is also appropriate to consider whether the claimant cooperated during physical examinations or provided conflicting statements concerning drug and/or alcohol use. See Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002). If the claimant testifies as to symptoms greater than would normally be produced by a given impairment, the ALJ may disbelieve that testimony provided specific findings are made. See Carmickle, 533 F.3d at 1161 (citing Swenson v. Sullivan, 876 F.2d 683, 687 (9th Cir. 1989)).

At Step 4 of the sequential evaluation process, the ALJ summarized Plaintiff's statements and testimony as follows:

> The claimant testified that he lives in a broken down bus. He testified that he does not have a driver's license so his wife drives him to appointments. He testified that his past work includes manager of an RV park mowing lawns and dealing with customers from 2007 through 2015. He testified that he performed the same kind of work on another property in 2015 and 2016. The claimant testified that he stopped working and he has not worked since 2016 due to pain causing poor sleep quality. He testified that he has a hernia on his left side that hurts "all the time" and he is unable to maintain his own environment or "ecosystem". He testified that it is aggravated by "just waking up". The claimant testified that he takes Cymbalta, Norco, amitriptyline, and gabapentin and stretches for the pain. He testified that the medications bring the pain down but the side effects are limiting.
>
> The claimant testified that his hernia pain is constant. He testified that he is in pain when getting up and moving around. He testified that that injections are "less than satisfactory" and the only relief he gets is when he is "knocked out on the table" for the injections. He testified that the pain returns when he arises and gets off the surgical table. He testified that he has a high level of depression. The claimant testified that he uses scooters when he goes to Walmart. He testified that he is unable to stand or walk 100 yards. He later estimated that he is able to stand up to five minutes. He testified that he uses a cane and a walker regularly when he has to walk or stand. He testified that he also uses ski poles for ambulation lasting 100 to 200 yards. The claimant testified that he is able to sit for 30 minutes before he has to get up and stretch. He testified that he is able to lift a gallon of milk in each hand. He said helping his wife with groceries "kills him". He testified that he is most comfortable is the half prone position and he cannot bend over because of his hernia.
>
> The claimant testified that he is able to do his own personal hygiene and he has no hobbies. He testified that he lives vicariously through people on social media. He testified that he does not own a television. He testified

> that he is able to prepare simple meals. He testified that his depression is demoralizing and he has nothing to look forward to in his future. He testified that he has stage 2 cancer diagnosed four months ago. The claimant testified that his wife is on disability. He testified that he uses his cane 90 percent of the time on and off for some time. He testified that he attempted to connect online for the scheduled consultative psychological evaluation but his internet was not working.

CAR 171-72.

The ALJ then went on to summarize Plaintiff's treatment history, which the Court does not repeat here. See id. at 172-74. The ALJ gave little weight to Plaintiff's statements and testimony, concluding as follows:

> As for the claimant's statements about the intensity, persistence, and limiting effects of his symptoms, they are inconsistent because the clinical evidence and diagnostic findings do not substantiate disabling limitations with respect to his ability to sit, stand, walk, or use his extremities. The claimant testified and wrote in his Function Reports that he has to use a cane, walker, and ski poles for ambulation but the record does not support his testimony. His gait is noted in the record as normal since his amended alleged onset date (B1F/3). Treatment records since September 2019 show that he was able to walk on his own (B2F/163, 166, 167, 170, 172, 180, B5F/52, 54, 56, 58, 60). The record also indicates in September 2019 that the claimant was ambulatory, self-assisted off the gurney/chair (B2F/249). The claimant testified that he is unable to work because of constant pain that occurs as soon as he wakes up and persists all day. The undersigned finds that the claimant's abdominal pain and inguinal pain due to hernias are well documented in the record. However, the record does not support a finding that he is unable to work because no treating provider has indicated that the claimant has ambulatory problems resulting from his chronic pain at any time during the relevant period. He testified that he requires the use of an assistive device 90 percent of the time but there is no evidence to substantiate his testimony. Nevertheless, the undersigned has limited the claimant to light work with postural limits as well as the ability to alternate between sitting and standing at will while remaining on task. The claimant testified to a "high level of depression" but the record does not support his testimony because he has been prescribed medications to address his depression and anxiety but there is no evidence of any behavioral health treatment that would support disabling depression or anxiety. Yet, the undersigned has limited that claimant to no more than simple, routine tasks, with no more than occasional interactive contact. Considering the record as a whole, the evidence fails to support a finding of disability with respect to the claimant's ability to perform light work activity with the limitations set forth in the residual functional capacity.

CAR 174.

///

///

///

Plaintiff contends that the ALJ's analysis is "legally inadequate." ECF No. 15, pg. 11. According to Plaintiff:

> The record shows that Plaintiff has been diagnosed with and treated for post-hernia pain syndrome. T 628. This is "a serious problem," resulting from either "nerve injury, entrapment, or reaction to mesh and scar" following a hernia repair, leaving the individual with "chronic" and "severe pain." *UCLA HEALTH: Chronic Pain After Hernia Surgery.* [footnote omitted]. Where there is a lack of response to conservative, non-operative measures, mesh removal, reoperation, and inguinal neurectomy may be recommended. *Id*. The medical evidence shows that Plaintiff underwent each of these options, both conservative and aggressive/surgical, but "this complex problem" was not resolved by any of them. *Id*. His pain was so great that even morphine provided no relief, and his physicians continued to find the prescription of multiple narcotics appropriate even after Plaintiff had developed opioid dependence. Evidently, not a single medical provider who observed and treated Plaintiff believed his pain to be incongruent with the "clinical evidence and diagnostic findings," as the ALJ asserts. While they may not have specifically documented Plaintiff to be using an assistive device or exhibiting an abnormal gait, they did document their observations of his obvious distress or pain, his limited range of motion, diffuse tenderness, nausea/vomiting, and tearful outburst in "a lot of" pain. Here, as in *Perez*, "[w]hile the ALJ cherry-picked certain evidence to contradict [Plaintiff's] statements, [his] testimony aligns with 'the overall diagnostic record.'" 855 F. App'x 365, 369.
>
> The ALJ declined to explain why those observations were apparently less informative than the absence of documentation that Plaintiff used a cane during his frequent emergency room visits. Indeed, Plaintiff testified that he brings his cane or walker with him only when he anticipates having to be on his feet for a prolonged period of time, something one typically does not do while being treated in the emergency room. T 71. Thus, the absence of a cane from emergency room records does not contradict Plaintiff's testimony that he can only walk short distances, uses a scooter when grocery shopping, or has debilitating pain which prevents him from functioning on a regular and continuing basis in a typical work environment. *See* SSR 96-8p (At issue is Plaintiff's capacity perform "sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week,"). The ALJ did not find that Plaintiff is a malingerer in this case, yet he failed to provide specific, clear, and convincing reasons to discount the alleged severity of Plaintiff's symptoms in the face of the corroborating evidence above. Thus, he has not met the demanding clear and convincing standard required to justify his finding. *Perez*, 855 F. App'x 365, 368–69.

ECF No. 15, pgs. 11-13.

/ / /

/ / /

/ / /

Plaintiff's argument is not persuasive.  As explained above, the ALJ must identify the specific portions of the claimant's testimony which are not afforded any weight and the evidence which undermines that testimony.  The ALJ has done so here with respect to Plaintiff's statements and testimony concerning ambulation and depression.  As to Plaintiff's testimony concerning ambulation, the ALJ noted that the evidence of record is inconsistent with the need to use a cane.  Specifically, objective evidence regarding normal gait, as well as various treatment notes, showed that Plaintiff was able to walk on his own.  Likewise, with respect to depression, the record reflected no behavioral therapy to support Plaintiff's contention that he is unable to work due to a high level of depression, which was being treated with medication.

Because the ALJ identified the testimony found to have no weight and the evidence undermining that testimony, and because the ALJ did so in turn by separately discussing Plaintiff's statements concerning both ambulation and depression, the Court finds no error in the ALJ's analysis or conclusion.

### IV.  CONCLUSION

Based on the foregoing, the Court concludes that the Commissioner's final decision is based on substantial evidence and proper legal analysis.  Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment, ECF No. 15, is denied;
2. Defendant's motion for summary judgment, ECF No. 17, is granted;
3. The Commissioner's final decision is affirmed; and
4. The Clerk of the Court is directed to enter judgment and close this file.

Dated:  December 4, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE